Poly-Vac v. Plastic Sterilizing        CV-94-635-B   10/03/95

UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Poly-Vac, Inc.

     v.                                   Civil No. 94-635-B

Plastic Sterilizing Tray Corp.


## MEMORANDUM AND ORDER

     Poly-Vac brings this action alleging patent and trade dress
infringement in violation of federal and state law.  Defendant
Plastic Sterilizing Tray Corporation ("PST") moves for summary
judgment on all of Poly-Vac's claims.  In response, Poly-Vac
moves for summary judgment on its claim of patent infringement
and opposes summary judgment on the other claims.  For the
reasons that follow, I deny both motions.


## BACKGROUND

     The parties' dispute concerns a plastic tray that is used to
sterilize, transport, and store medical instruments.  Poly-Vac
owns a patent for a three-part sterilizing tray assembly, United
States Patent Number 5,098,676 ("'676 patent").[1]  The '676 patent
covers a product with two locking tray halves that enclose a
silicone rubber mat with upwardly tapering "fingers" on its upper
surface and raised projections on its bottom surface.  The raised

---

[1]  The patent, issued to John A. Brooks, was assigned to
Poly-Vac in December 1994.

1

projections suspend the mat above the tray bottom and thereby prevent condensation from building up between the mat and the surface of the lower tray. The patent also provides that both tray halves and the silicone mat will have aligned apertures to facilitate drainage. PST makes a similar three-part sterilizing tray. However, PST's tray suspends the mat above the bottom tray by using projections rising from the surface of the bottom tray rather than projections descending from the mat.

Poly-Vac alleges that PST's trays infringe the '676 patent. 35 U.S.C.A. § 271 (West 1984 & Supp. 1995). It also contends that Poly-Vac is liable under the Lanham Act, 15 U.S.C.A. § 1125(a) (West. Supp. 1995), the common law of unfair competition and New Hampshire's Unfair Trade Practices Act, N.H. Rev. Stat. Ann. ch. 358-A (Supp. 1994), because the size, shape and color of PST's trays are so similar to Poly-Vac's trays that the public is likely to be confused as to the trays' origin. PST moves for summary judgment on all of Poly-Vac's claims, arguing that (1) the '676 patent is invalid because "the device it describes would have been obvious to a person having ordinary skill in the prior art"; (2) the patent is unenforceable because Poly-Vac intentionally failed to disclose pertinent prior art when it

applied for the '676 patent; (3) the doctrine of prosecution history estoppel prevents Poly-Vac from claiming patent infringement; and (4) Poly-Vac's remaining claims cannot succeed because the features common to both trays are not eligible for trade dress protection. Poly-Vac opposes these claims and seeks partial summary judgment on its infringement claim.

## DISCUSSION

Summary judgment is appropriate in patent and trade dress infringement suits, as in other actions, only when the materials on file show that no genuine issue exists as to any material facts, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Tone Bros., Inc. v. Sysco Corp., 28 F.3d 1192, 1196 (Fed. Cir. 1994), cert. denied, 115 S. Ct. 1356 (1995). A "material fact" is one "that might affect the outcome of the suit under the governing law," and a genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The record and all reasonable inferences therefrom are construed in favor of the nonmoving party. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

3

If the party moving for summary judgment has the burden of proof at trial, the court will grant the motion only if: (1) the moving party initially produces enough supportive evidence to entitle the movant to judgment as a matter of law (i.e., no reasonable jury could find otherwise even when construing the evidence in the light most favorable to the nonmovant), and (2) the nonmovant fails to produce sufficient responsive evidence to raise a genuine dispute as to any material fact. Fitzpatrick v. Atlanta, 2 F.3d 1112, 1115-17 (11th Cir. 1993). In contrast, if the nonmovant bears the burden of proof, the court will grant the motion if: (1) the movant alleges that the nonmovant lacks sufficient proof to support one or more elements of her case, and (2) the nonmovant is unable to produce sufficient responsive evidence to withstand a motion for judgment as a matter of law. Id.; see also, Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 504 U.S. 985, (1992). Thus, the amount and quality of the responsive evidence that the nonmovant must produce to successfully resist a motion for summary judgment will depend upon whether the nonmovant bears the burden of proof at trial. Fitzpatrick, 2 F.3d at 1115-17.

With these standards in mind, I turn to the merits of the cross motions.

4

## A.   Validity of the '676 Patent

PST argues that the '676 patent[2] is invalid because the device it describes would have been obvious to a person having ordinary skill in the pertinent art.[3]  A patent will be deemed to

_____

[2]The '676 patent consists of the following claim:
  A sterilization tray assembly for sterilizing, transporting, and storing instruments, comprising:
  a tray, having;
an upper tray section including a plurality of upper
  tray ports spaced in a predetermined pattern;
a lower tray section including a plurality of lower
  tray ports spaced in a predetermined pattern;
locking means for engaging said upper tray section
  and said lower tray section to form a sealing contact
  between said tray sections; and
a mat made of silicone rubber and sized to fit said
  tray, said mat being positioned between said tray
  sections and having an upper surface and a lower
   surface, said mat including;
a plurality of mat ports in said mat spaced in a
  predetermined pattern wherein said mat ports and said
  lower tray ports are in vertical alignment;
a plurality of upwardly tapered, vertical projections
  spaced in a predetermined pattern on said upper
  surface, said vertical projections having tips at
  their free ends to provide support for instruments
  above said upper surface;
a plurality of downwardly projecting support feet
  depending from said lower surface spaced in a
  predetermined pattern for spacing said lower surface
above said lower tray section.

[3]  PST has not counterclaimed for a declaratory judgment on the validity of the '676 patent.  Instead, it invokes invalidity as an affirmative defense to Poly-Vac's patent infringement claim.  See 35 U.S.C.A. § 282 (West 1984 & Supp. 1995) (recognizing that invalidity is an affirmative defense to an

be obvious

> if the differences between the subject matter
> sought to be protected and the prior art are
> such that the subject matter as a whole would
> have been obvious at the time the invention
> was made to a person having ordinary skill in
> the art to which said subject matter
> pertains.

35 U.S.C.A. § 103. Although the obviousness of an invention is determined as a matter of law, this legal determination must be based on subsidiary factual determinations. Electro Medical Sys., S.A. v. Cooper Life Sciences, 34 F.3d 1048, 1052 (Fed. Cir. 1994). Specifically, the court must determine (1) the "scope and content" of the prior art, (2) "the differences between the prior art and the claims at issue," (3) "the level of ordinary skill in the pertinent art," and (4) the effect, if any, of "[s]uch secondary considerations as commercial success, long felt but unsolved needs [and] failure of others [to invent]." Ryko Mfg. Co. v. Nu-Star, Inc., 950 F.2d 714, 716 (Fed. Cir. 1991) (internal quotation omitted); Heidelberger Druckmaschinen A.G. v. Hantscho Commercial Prods., 21 F.3d 1068, 1071 (Fed. Cir. 1994). In cases such as this, where the patent at issue combines references in the prior art, "the claimed invention must be

---

infringement claim).

6

considered as a whole, multiple cited prior art references must suggest the desirability of being combined, and the references must be viewed without the benefit of hindsight afforded by the disclosure." In re Paulson, 30 F.3d 1475, 1482 (Fed. Cir. 1994); accord In re GPAC, Inc., 57 F.3d 1573, 1581 (Fed. Cir. 1995). All facts that are essential to an obviousness claim must be proved by the proponent of the claim by clear and convincing evidence. Ryko, 950 F.2d at 716. Accordingly, in reviewing PST's summary judgment motion, I must determine whether PST has produced sufficient evidence to require a finding of obviousness when the evidence is construed in Poly-Vac's favor.

The parties do not dispute that the prior sterilizing trays manufactured by Poly-Vac and a competitor ("Riley") represent pertinent prior art showing all of the limitations in the '676 patent except the use of downwardly projecting support feet to suspend the mat above the lower tray surface. The parties also agree that another patent ("Spence patent") is relevant as prior art teaching the use of support feet in a sterilizing system. The Spence patent discloses a sterilization system using a removable interior basket supported by a base having "a plurality of support feet 109 spaced about the inner periphery of inner wall 82 which support basket 106 clear of the bottom base 60.

7

This is to prevent basket 60 from trapping condensation within the sterilization system 10 when steam is utilized as the sterilizing media."

The parties' primary areas of disagreement over the obviousness of the '676 patent concern (1) the degree of difference between the support feet specified in the Spence patent and the support feet specified in the '676 patent, and (2) the extent to which the earlier Poly-Vac and Riley trays and the Spence patent suggest the combination of prior art represented by the '676 patent. Such questions must be resolved from the standpoint of a person of ordinary skill in the pertinent art. In re GPAC, Inc., 57 F.3d at 1581. Since PST has failed to offer any evidence that would permit me to determine the appropriate skill level to be used in resolving these disputes, I must deny its summary judgment motion.

B. **Enforceability of the '676 Patent**

PST next argues that the '676 patent is unenforceable due to Poly-Vac's allegedly inequitable conduct in failing to disclose certain prior art.[4] The defense of inequitable conduct requires

_____

    [4] "Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to

PST to "offer clear and convincing proof of the materiality of the prior art, knowledge chargeable to the applicant of that prior art and of its materiality, and the applicant's failure to disclose the prior art, coupled with an intent to mislead the [Patent Office]." Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995). To win summary judgment on the unenforceability of the '676 patent, PST first must demonstrate both the materiality of the allegedly omitted prior art and the intent of the applicant to mislead the examiner. Therma-Tru Corp. v. Peachtree Doors, 44 F.3d 988, 996 (Fed. Cir. 1995).

PST urges that intent is clearly shown by the parties' actions in the prosecution history of the '676 patent. Culpable intent may be inferred from a "showing of acts the natural consequences of which were presumably intended by the actor." KangaROOS U.S.A., Inc. v. Caldor, Inc., 778 F.2d 1571, 1577 (Fed. Cir. 1985). Nevertheless, at the summary judgment stage, PST must show that the evidence implying culpable intent taken in light of all of the circumstances is "so one-sided that the factual issue of intent may be decided as a matter of law."

_____

disclose to the Office all information known to that individual to be material to patentability as defined in this section." 37 C.F.R. § 1.56 (1994).

9

_Paragon Podiatry Lab., Inc. v. KLM Lab., Inc._ 984 F.2d 1182, 1190 (Fed. Cir. 1993). In view of the countervailing evidence produced by Poly-Vac in support of its objection to PST's summary judgment motion, this case does not fall into that limited class of cases where the issue of intent can be determined as a matter of law.

## C.   **Patent Infringement**

PST next invokes the affirmative defense of prosecution history estoppel in claiming that Poly-Vac cannot prevail on its infringement claim.

Prosecution history estoppel "precludes a patentee from obtaining in an infringement suit patent protection for subject matter which it relinquished during prosecution in order to obtain allowance of the claims." _Mark I Marketing Corp. v. R.R._ _Donnelly & Sons_, No. 95-1101, 1995 WL 544678, at *5 (Fed. Cir. Sept. 14, 1995); _Wang Lab., Inc. v. Toshiba Corp._, 993 F.2d 858, 866 (Fed. Cir. 1993). The test for determining whether something was relinquished is objective and the analysis must be undertaken from the vantage point of "what a competitor reasonably would conclude from the patent's prosecution history." _Mark I_, 1995 WL 544678 at *4; _Wang Lab._, 993 F.2d at 866. Moreover, in making this determination, it is important to consider both what was

surrendered and the reasons for surrender.  Southwall
Technologies v. Cardinal IG Co., 54 F.3d 1570, 1599 (Fed. Cir.
1995), petition for cert. filed, (Sept. 19, 1995).  "Whether
estoppel applies is a question of law."  Wang Lab., 993 F.2d at
866.

PST concedes for purposes of its estoppel claim that its
product meets all of the limitations set forth in the '676 patent
except for those that concern the location of the tray's mat
support feet.  The PST tray holds the mat above the lower tray
surface through the use of projections extending upwards from the
surface of the lower tray whereas the '676 patent claims the
right to accomplish the same function through the use of
downwardly projecting support feet extending from the mat itself.
PST argues that Poly-Vac is estopped from claiming that the two
methods are equivalent because it limited its claim to the use of
downwardly projecting support feet in order to obtain the patent.
I reject this contention because it is based upon an incorrect
interpretation of the patent's prosecution history.

The original patent application had six claims.  The Patent
Office rejected all six claims as obvious and the applicant
subsequently cancelled the original claims and substituted a
single new claim that resulted in the '676 patent.  In

11

distinguishing this new claim from the prior art, the applicant explained that, unlike the prior art, the claim's combination of features, including a means to suspend the mat above the lower tray surface, served to reduce retained condensation that could promote the growth of bacteria. In suggesting this distinction, however, the applicant did not narrow its initial application based on the structure and location of the device's support feet. Since the applicant never surrendered any portion of the original claim that concerned the structure and location of the support feet, Poly-Vac is not estopped from claiming that a similar sterilization tray using support feet projecting upwards from the lower tray surface infringes the '676 patent.

D. **Trade Dress Infringement**

At the June 20, 1995, hearing, the parties agreed that the remainder of Poly-Vac's claims, violation of the Lanham Act, common law unfair competition, and unfair and deceptive trade practices, depend on whether PST's use of the same colors in its tray constitute trade dress infringement. Trade dress is a product's total image based on its features including its color. Merriam-Webster, Inc. v. Random House, Inc., 35 F.3d 65, 70 (2d Cir. 1994), cert. denied, 115 S. Ct. 1252 (1995). To prove trade dress infringement, Poly-Vac must show that its trade dress is

12

distinctive either inherently or because of an acquired secondary meaning and that a likelihood of confusion exists between its trays and PST's trays. Two Pesos, Inc. v. Taco Cabana, Inc., 112 S. Ct. 2753, 2758 (1992); Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc., 58 F.3d 27, 31 (2d Cir. 1995). Color alone may constitute a protectable trade dress if it meets the criteria. See Qualitex Co. v. Jacobson Prods. Co., 115 S. Ct. 1300, 1303 (1995).

PST invokes the affirmative defense of functionality in support of its summary judgment motion. See id.; Inwood Lab., Inc. v. Ives Lab., Inc., 456 U.S. 844, 862-63 (1982) (White, J. concurring); Badger Meter Inc. v. Grinnell Corp., 13 F.3d 1145, 1151 (7th Cir. 1994). A product feature is functional "'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article,' that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage." Qualitex Co., 115 S. Ct. at 1304 (quoting Inwood Lab., Inc., 465 U.S. at 850, n.10). Color may or may not be functional depending on the product. Qualitex Co., 115 S. Ct. at 1304.

PST argues that the amber color of the tray lid is functional because the pigment is due to a necessary ingredient

13

in the lid "to allow it to function satisfactorily at the autoclave temperatures." Poly-Vac agrees that an ingredient of the tray lids is amber but counters that Poly-Vac is able to tint its lids, which are made with the same ingredient, to other colors. As to the tray bottoms, PST states that the only colors available are blue, grey, black, and white and that PST chose blue, which is the same as Poly-Vac's trays. Poly-Vac states that it uses different colors for tray bases that it produces for private customers so that blue is not essential to making the product. Both parties support their arguments with affidavits of their corporate officers who are presumably knowledgeable about the components of their products. Based on the evidence presented, a genuine dispute of material fact exists as to the functionality of the colors of the trays. Accordingly, summary judgment is denied.

E.  **Poly-Vac's motion for summary judgment**

Poly-Vac bases its summary judgment motion in part on PST's admission, limited to its own motion for summary judgment, that PST's trays meet all the limitations of the '676 patent except for its specification of "downwardly projecting support feet." PST responds by arguing that its admissions were made for a limited purpose and that they cannot be used to support Poly-

Vac's motion.

Cross motions for summary judgment do not necessarily establish undisputed facts. Wiley v. American Greetings Corp., 762 F.2d 139, 140 (1st Cir. 1985). Also, concessions made by one party for the limited purpose of supporting its own motion for summary judgment do not carry over to an opponent's cross motion. 6 James W. Moore, Moore's Federal Practice ¶ 56.13 at 56-176-77 (2d ed. 1995). Here, PST specifically limited its concession to its own motion for summary judgment, and, therefore, PST's concessions are not available to support Poly-Vac's cross motion.

Poly-Vac bears the burden of proving its infringement claim at trial.[5] Therefore, as the moving party with the burden of

---

[5] Poly-Vac relies on the doctrine of equivalents to support its infringement claim. An accused product will infringe a patent under the doctrine of equivalents if the differences between the patented product and the accused product are insubstantial when viewed from the perspective of a person of ordinary skill in the relevant art. Hilton Davis Chemical Co. v. Warner-Jenkinson Co., 62 F.3d 1512, 1519 (Fed. Cir. 1995) (en banc). Equivalence is a question of fact. Id. at 1520. Among the factors that will bear on an equivalence determination are: (1) the extent to which the two products include substantially the same function, way, and result; (2) "whether persons reasonably skilled in the art would have known of the interchangeability of an ingredient not contained in the patent with one which was"; (3) whether the alleged infringer engaged in copying; and (4) whether the alleged infringer designed around the patent. Id. at 1519 (quoting Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 609 (1950)), 1521-22.

proof, Poly-Vac initially must provide enough credible evidence that every limitation set forth in the '676 patent is found in PST's trays so that no reasonable juror could find in PST's favor. <u>Wolverine World Wide, Inc. v. Nike, Inc.</u>, 38 F.3d 1192, 1196 (Fed Cir. 1994); <u>Murphy v. Franklin Pierce Law Ctr.</u>, 882 F. Supp. 1176, 1180 (D.N.H. 1994). The examples of the parties' trays, offered by Poly-Vac, show that the products are indeed similar but do not establish that PST's trays meet every limitation in the '676 patent claim. For example, Poly-Vac has not demonstrated that the different location of the support feet in the two products is functionally equivalent or that the cover on the PST trays includes a "locking means for engaging said upper tray section and said lower tray section to form a sealing contact between said tray sections" as described in the '676 patent claim. Therefore, Poly-Vac has failed to carry its burden and summary judgment is denied.

## CONCLUSION

For the foregoing reasons the parties' motions for summary judgment (document nos. 7 and 11) are denied.

16

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

October 3, 1995

cc:  Bernard Sweeney, Esq.
     Martin Gross, Esq.
     Norman Soloway, Esq.
     Arnold Rosenblatt, Esq.