86 F.3d 1173
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re John A. LAWTON, Daniel J. Mickish, Vincent William Keedy, Jr.
 No. 95-1327.
 United States Court of Appeals, Federal Circuit.
 April 1, 1996.
 
 Before CLEVENGER, SCHALL, and BRYSON Circuit Judges.
 DECISION
 SCHALL, Circuit Judge.
 
 
 1
 John A. Lawton, Daniel J. Mickish, and Vincent William Keedy, Jr. ("appellants") appeal the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences ("Board") in Appeal No. 93-4050. In its decision, the Board upheld the examiner's final rejection of all remaining claims of Application Serial No. 07/543,385 (the " '385 application") as unpatentable under 35 U.S.C. § 103 over Fudim, U.S. Patent No. 4,801,477 ("Fudim '477"), and Fudim, U.S. Patent No. 4,752,498 ("Fudim '498"), in view of Hideo Kodama, "Automatic Method for Fabricating a Three-Dimensional Plastic Model with Photo-Hardening Polymer," 52 Review of Scientific Instruments 1770-73 (1981) ("Kodama"). We affirm.
 
 DISCUSSION
 I.
 
 2
 The claims of the '385 application relate to a method for forming three-dimensional objects from photopolymers. The invention is set forth in independent claim 1, which is representative of the claims in the application:
 
 
 3
 1. In a method for fabricating an integral three-dimensional object from a multiplicity of cross sectional portions of the object, the cross sectional portions being photoformed sub-portions of successive individual layers of a deformable and photoformable composition included within a vessel containing a stage, the improvement in said method comprising:
 
 
 4
 (a) positioning a transparent barrier within the composition on top of the stage at a distance equal to the thickness of a layer;
 
 
 5
 (b) exposing imagewise a sub-portion of the composition contained between the transparent barrier and the stage;
 
 
 6
 (c) moving the transparent barrier with respect to the stage in a way to destroy the adhesion between the barrier and the photoformed sub-portion;
 
 
 7
 (d) repeating steps (b) and (c) until a cross-sectional portion of the object has been formed;
 
 
 8
 (e) increasing the distance between the stage and the transparent barrier by the thickness of a layer;
 
 
 9
 (f) repeating steps (a) through (e) until the integral three-dimensional object is formed.
 
 
 10
 During prosecution, and before the Board, appellants argued that their invention was patentable because step (b) above distinguished it over the prior art. In its decision affirming the section 103 rejection, the Board adopted the reasoning of the examiner's answer. In his answer, the examiner reviewed the prior art. According to the examiner, Fudim '477 "teaches the formation of three-dimensional objects by photosolidification." The examiner found that Fudim '477 describes a container of uncured photopolymer with a substrate and radiation guide immersed in the photopolymer. The bottom of the radiation guide has an opening covered by a rigid, light transparent layer. Radiation is transmitted to the polymer through this layer. The photopolymer located between the end of the radiation guide and the substrate solidifies upon exposure to the radiation. The examiner found that the "area irradiated by the guide can be a point, post, area or layer." The examiner continued that "[a]fter the site has been irradiated to solidify the photopolymer, the guide is ... slid off the solidified surface and repositioned over the next area on the substrate to be solidified." "In this manner," concluded the examiner, "subportions of a layer can be formed." The examiner found that the invention of Fudim '498 is similar to that described in Fudim '477, except that a rigid radiation-transmitting plate replaces Fudim '477's radiation guide. In Fudim '498, photopolymer is solidified one complete layer at a time as radiation is transmitted to the polymer through the plate. Finally, the examiner determined that, like Fudim '477 and Fudim '498, Kodama teaches formation of a three-dimensional object by irradiation of a photopolymer.
 
 
 11
 Based on these findings, the examiner concluded that
 
 
 12
 it would have been obvious to one of ordinary skill in the art to have formed a three-dimensional object from uncured photopolymer by irradiating first a layer and then several layers as recited in the claimed invention because Fudim '477 teaches forming a layer by irradiating a portion of a layer at a time[,] breaking the bond between the solidified photopolymer and guide between irradiation steps[,] as it is taught that this method can be used for a point by point irradiation to form a layer[,] and Fudim '498 teaches a layer by layer irradiation with the breaking of the bond between the plate and the solid material between layers.
 
 II.
 
 13
 The ultimate determination of obviousness under 35 U.S.C. § 103 is an issue of law. Ryko Mfg. Co. v. Nu-Star, Inc., 950 F.2d 714, 716 21 USPQ2d 1053, 1055 (Fed.Cir.1991). Claim construction, which is part of the obviousness determination, is an issue of law. Markman v. Westview Instruments, Inc., 52 F.3d 967, 979, 34 USPQ2d 1321, 1329 (Fed.Cir.) (in banc ), cert. granted, 116 S.Ct. 40 (1995). Issues of law arising from the actions of the Board we review de novo. In re Alton, 76 F.3d 1168, 1172, 37 USPQ2d 1578, 1580 (Fed.Cir.1996). We review for clear error, however, the three fact questions underlying the obviousness inquiry--the scope and content of the prior art to which the patent relates, the differences between the prior art and the claims at issue, and the level of ordinary skill in the art. Stiftung v. Renishaw PLC, 945 F.2d 1173, 1182, 20 USPQ2d 1094, 1102 (Fed.Cir.1991).
 
 
 14
 According to appellants, in step (b) of claim 1 "[t]he term 'sub-portion' of the composition means something less than all of the composition between the transparent barrier ... and the stage...." Recognizing that Fudim '477 is the critical reference, appellants argue that their method is "substantially different from the teaching contained in Fudim '477, wherein all of the composition (to be exposed) contained between the transmitting layer ... and the substrate ... is imaged during each radiation step ...." (emphasis in original). Based upon this reasoning, appellants contend that the Board erred in concluding that claim step (b) is obvious over the prior art.
 
 
 15
 Appellants' argument is without merit. Like step (b) of claim 1, Fudim '477 plainly teaches irradiation of "a sub-portion of the composition contained between the barrier and the stage." In Fudim '477, the amount of photopolymer that is solidified is determined by the area of the emitting end of the radiation-transmitting fiber. In Fudim '477, any time the user wishes to polymerize a layer of photopolymer larger than the emitting end of the radiation-transmitting fiber, multiple irradiations are necessary. In such a circumstance, the user can irradiate only a subportion of the layer of photopolymer on any one exposure. Thus, in Fudim '477, where the size of the radiation transmitting fiber is smaller than the size of the desired layer, by definition a subportion of the layer will be formed.
 
 
 16
 In their reply brief, appellants argue for the first time that claim step (d) also serves to distinguish their invention over the prior art. Ordinarily, we would not consider this argument and would leave it to be raised in any further prosecution proceedings. See Knorr v. Pearson, 671 F.2d 1368, 1372, 213 USPQ 196, 199 (CCPA 1982). In this case, however, we believe that the better course is to rule on the issue since we are able to do so based upon the record before us. We reject appellants' argument. Claim step (d) ("repeating steps (b) and (c) until a cross-sectional portion of the object has been formed") is obvious over Fudim '477. Fudim '477, column 3, lines 11-23 teaches that radiation can be reapplied to the material to be polymerized "until the desired three-dimensional object is formed.... [F]or some objects it can be done by layers." Step (d) does not render the invention of the '385 application patentable over the prior art.