NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

02-1247

RONALD E. ROGERS,

Plaintiff-Appellant,

v.

DESA INTERNATIONAL, INC.,

Defendant,

and

HOME DEPOT U.S.A., INC.,
LOWE'S HOME CENTERS, INC.,
and NORTHERN TOOL & EQUIPMENT COMPANY, INC.,

Defendants-Appellees.

_____

DECIDED:  July 13, 2006

_____

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PROST, Circuit Judge.

The United States District Court for the Eastern District of Michigan granted summary judgment in favor of Defendants-Appellees (collectively "Desa"), finding claims 1 and 3 of U.S. Patent No. 5,884,403 (the "'403 patent") invalid by reason of obviousness.  Rogers v. Desa Int'l, Inc., 166 F.Supp. 2d 1202 (E.D. Mich. 2001).

Because the district court properly concluded that there was no genuine issue of material fact that these claims of the '403 patent are obvious, this court affirms.

BACKGROUND

Plaintiff-Appellant Ronald Rogers is the sole named inventor and owner of the '403 patent. Rogers filed the application on December 16, 1997. The '403 patent is directed to a chain saw/pole saw combination for trimming the limbs of tall trees. '403 patent, col. 1 ll. 9-11. Claims 1 and 3 are at issue in this case. Claim 1 recites

1. An electric telescoping pole saw, comprising:

an electric chain saw having a handle, a trigger, and a power cord;

a telescoping pole assembly having telescoping tubular sections extending between an upper end and a lower end of said pole and including an adjustable coupling clamp operative when loosened to enable said sections to telescope relative to one another for adjusting the effective length of said pole and operative when tightened to secure said sections in a selected position of adjustment;

a bracket provided on said upper end of said pole for receiving said handle of said saw and mounting saw releasably on said pole adjacent said upper end thereof;

a trigger depression device operative to support said trigger of said saw in a depressed "on" position;

an adjustable length extension cord accommodated within said telescoping pole having an end extending from said upper end of said pole connectable releasably with said power cord of said saw, and an opposite end extending from said lower end connectable to an electrical power source; and

a remote switch mounted on said pole adjacent said lower end thereof and coupled electrically to said extension cord and operative when depressed to transmit electrical power to said saw to operate said saw and operative when released to discontinue power and operation of said saw.

'403 patent, col. 4 ll. 27-54. Claim 3 is a method claim including essentially the same elements. Id. at col. 5 l. 15 – col. 6 l. 17.

Rogers filed this patent infringement suit asserting that the Remington Pole Saw sold by the remaining defendants in this appeal infringes claims 1 and 3 of the '403 patent.[1] The defendants filed motions for summary judgment of noninfringement. Rogers then filed a response and cross-moved for summary judgment of literal infringement, including proposed claim constructions in his brief. Subsequently, defendants moved for summary judgment of invalidity of the '403 patent, asserting that, assuming Rogers's claim constructions are correct for purposes of the motion, the patent is anticipated and obvious under various prior art references. The district court heard oral argument on the invalidity motion and then permitted the parties to provide additional evidence and briefing related to sales of the accused device.

The district court granted summary judgment of invalidity on October 19, 2001. The court held that Desa's anticipation position was "without merit," but that the patent was invalid for obviousness. Rogers, 166 F. Supp. at 1209, n.7. The court had over fifteen potential United States patent prior art references before it, but based its holding of obviousness on four: U.S. Patent Nos. 4,515,423, 4,207,675, 5,787,590, and Re 34,258. Id. at 1210. In light of these references, the court held that "releasably mounting a light weight chain saw on the end of a telescoping pole assembly to trim trees would be obvious to a person of ordinary skill in the art." Id. at 1211. Rogers argued that summary judgment of obviousness was precluded by his showing of secondary considerations of copying, long-felt need, and commercial success. Id. The

---

[1] During pendency of the appeal, Desa declared bankruptcy and this court stayed the case pending resolution of the bankruptcy proceeding. The terms of the bankruptcy proceeding dismissed this case against Desa, so only the other defendants remain as appellees.

court found that the strongest showing of a secondary consideration was commercial success and only discussed this factor. Id. It then held that even accepting that Rogers had shown commercial success, "the weight of this secondary consideration can not and does not negate the overwhelming evidence of obviousness as shown by the prior art." Id. at 1212. Therefore, the court held the patent invalid as obvious. Id.

Rogers timely appealed the district court's grant of summary judgment that claims 1 and 3 of the '403 patent are invalid for obviousness. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

On appeal Rogers asserts that the district court erred in granting summary judgment that claims 1 and 3 of the '403 patent are invalid as obvious. We review a district court's grant of summary judgment de novo, reapplying the standard applicable at the district court. Rodime PLC v. Seagate Tech., Inc., 174 F.3d 1294, 1301 (Fed. Cir. 1999). Summary judgment is only appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Before turning to obviousness, we must first determine the proper constructions of the claims. Claim construction is a question of law which we review de novo. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1456 (Fed. Cir. 1998) (en banc). Here, Desa asserted in its motion for summary judgment that under the claim constructions proposed by Rogers, the patent was invalid. Therefore, we adopt Rogers's proposed constructions for purposes of this appeal and apply them in our obviousness analysis. Rogers's constructions essentially require that we use the plain meaning of the terms in

the claims without importing limitations from the specification or disclosed embodiment. Accordingly, the bracket is given its ordinary meaning, the trigger depression device is a generic structure for supporting the trigger in the "on" position, and the remote switch is not construed to require being placed in any particular location on the lower end of the chain saw/pole saw assembly. We next turn to the district court's finding of obviousness.

To review the district court's grant of summary judgment of obviousness, we determine whether there are any genuine issues of material fact regarding the factual inquiries underlying its obviousness determination. Ryko Mfg. Co. v. Nu-Star, Inc., 950 F.2d 714, 716 (Fed. Cir. 1991). Obviousness of a claim under 35 U.S.C. § 103(a) is a legal conclusion which depends on at least four underlying factual determinations: (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations. See Graham v. John Deere Co. of Kan. City, 383 U.S. 1, 17 (1966).

Rogers does not appeal the district court's finding that the scope of the analogous art for the '403 patent is made up of trimming tools on extension poles. Rogers also does not assert that the district court erred in finding that all elements of the claimed invention were found in multiple prior art references. Rather, Rogers argues on appeal that the district court improperly found a motivation to combine the teachings of the prior art references. Rogers also argues that the district court did not properly consider his evidence of secondary considerations. We address each of these arguments in turn.

When the elements of a claimed invention are found in multiple prior art references, a claim is only obvious if a person of ordinary skill in the art would have been motivated to make the particular combination recited in the claims. The district court held that

> the existence of several devices which allow either for chain saws to be mounted on poles or for lightweight trimming devices to be mounted on telescoping pole assemblies would clearly motivate a person of ordinary skill in the art to releasably mount a chain saw on the end of a telescoping pole.

Therefore, although the court did not point to a specific motivation to combine, it found that the teachings of the prior art were so well known that those of skill in the art would have been motivated to make the combination.

The district court had before it multiple prior art references disclosing the elements in the '403 patent.[2] One of these, U.S. Patent No. 4,207,675 ("Causey") discloses a chain saw/pole saw combination quite similar to that in the '403 patent. Desa admits that the Causey reference lacks only two elements of the claims: 1) a telescoping pole with coupling nut and 2) an adjustable length cord to accommodate the varying length of the pole. Instead, Causey discloses that "the support pole may either be a single, long piece of hollow tubing, or in the alternative, the support pole may be constructed of a plurality of shorter lengths of tubing with secured detachable mechanical couplings therebetween." Causey, col. 3 ll. 56-60. Causey continues, "if the electrical cable communicates within the support pole, and if a plurality of interconnecting pole sections are utilized, then provisions must be made for both

---

[2]     Because there appears to be a genuine issue of material fact as to whether U.S. Patent No. 5,787,590 constitutes prior art, it will not be considered for purposes of this appeal.

electrical as well as mechanical coupling of the independent pole sections which cooperate to provide the entire length of the support pole." Id. col. 5 ll. 48-53. Therefore, Causey discloses a chain saw/pole saw combination, and while it does not explicitly disclose a telescoping pole with adjustable length power cord, it does disclose that the support pole may be made up of multiple shorter lengths.

Another prior art reference, U.S. Patent No. 4,515,423 ("Moore") discloses putting any electric handtool on a telescoping pole with a coiled cord through the pole. Moore, fig. 5. Rogers argues that the elements of his claims missing in Moore are: 1) a suggestion to use the device with a chain saw; 2) a trigger depression device; and 3) a trigger on the lower end of the pole. However, Rogers conceded during oral argument that due to the Underwriters Laboratories standards, a chain saw/pole saw combination must inherently include a trigger depression device and a remote trigger. Because there is a genuine issue of material fact as to whether Moore's disclosure of an electric handtool includes a chain saw, we must find on summary judgment for the non-moving party Rogers that it does not. Therefore, the only element of the '403 patent arguably missing in Moore is the suggestion to use the device with a chain saw. Rogers also argues that the pole, bracket, and angle adjuster in Moore could not support a chain saw and therefore teach away from using the Moore pole with a chain saw. However, the scope of Rogers's claims, as they have been broadly construed for purposes of this motion, clearly cover the pole and bracket disclosed in Moore because the claims do not require poles or brackets of certain strengths or types. Therefore, Moore was one piece of prior art which disclosed using a telescoping pole and an adjustable length cord in use in a tree trimming device.

The telescoping pole and adjustable length cord missing in Causey is also found in other prior art references. For example, U.S. Patent No. Re. 34,358 ("Miller") discloses an electric hedge trimmer mounted to a telescoping pole with a coiled cord through the pole; and U.S. Patent No. 3,688,139 discloses a high speed circular saw on a telescoping pole with a coiled cord within the pole.

Similarly, chain saw/pole saw designs are found in numerous prior art references. For example, U.S. Patent No. 3,731,830 discloses an extension pole for releasably mounting a chain saw with a throttle control to hold the trigger in the "on" position when a pull cord is engaged; U.S. Patent No. 3,949,817 discloses an "elongated post" with means for securing a chain saw to one end of the post, a remote trigger on the other end, and a lever which holds the trigger on the chain saw in the "on" position when the remote trigger is activated; and U.S. Patent No. 4,359,822 provides for an extension pole for a chain saw with a remote throttle control lever to depress the saw trigger.[3]

Rogers argues that Desa did not show a motivation to combine the elements in the prior art in the manner claimed. The references show the use of tree trimming tools on telescoping poles and at least the Causey reference shows a chain saw/pole saw combination, but without a telescoping pole and adjustable cord. Because there was no explicit evidence presented of a motivation to use a telescoping pole and adjustable length cord with a chain saw/pole saw combination, we must determine whether there is a genuine issue of material fact that there was an implicit motivation to combine the

---

[3] Other prior art references included U.S. Patent Nos.: 4,733,470, 4,566,188, 4,638,562, 5,001,858, 5,070,576, 5,361,851, 5,411,238, 5,598,892, and U.S. Design Patent No. 361,481.

knowledge and understandings reflected in the prior art.  See In re Kahn, 441 F.3d 977, 987-88 (Fed. Cir. 2006).

Rogers argues that although numerous prior art references show the use of trimming tools on telescoping poles, one of skill in the art would not have been motivated to use a chain saw with a telescoping pole because these poles were not sufficiently strong to support chain saws.  Desa's internal documents show that its development program reached the same conclusion—the lack of strength in telescoping poles kept it from successfully developing a chain saw/pole saw combination in 1991, but it later determined that it could develop such a pole.  Therefore, the strength of the available telescoping poles was the sole barrier that prevented one of skill in the art looking at Causey from combining it with the numerous references using telescoping poles.  The available poles got stronger and eventually supported use with chain saws.

One problem with Rogers's argument, however, is that his claims are not limited to poles of any strength.  His invention did not improve the strength of the poles permitting their use with chain saws and therefore did not solve the one problem that arguably prevented those of skill in the art from combining the prior art.

Further, Desa presented evidence that people of ordinary skill in the art actually had the motivation to use a telescoping pole in a chain saw/pole saw combination. Evidence that those of ordinary skill in the art in fact combined the prior art teachings as claimed is certainly evidence that they were motivated to do so.  Such evidence shows the knowledge of the skilled artisan at the time of the invention, which can provide the basis for a motivation to combine.  See In re Kahn, 441 F.3d at 989.  Evidence that developers of tree trimming devices used telescoping poles in the design of chain

saw/pole saws can show that it was within the knowledge of one of ordinary skill in the art to combine the elements in the prior art. Here, there is unrebutted evidence that third-party Buc-Aye, Inc., proposed a chain saw/pole saw combination product to Desa in a letter dated June 6, 1978. In addition, in a letter to the Underwriters Laboratories in December 1989, Desa described its proposal to introduce a chain saw/pole saw which included a telescoping pole. Further, the Moore, Miller and other prior art references show numerous designs in which telescoping poles and adjustable cords are used with tree trimming tools. This evidence clearly showed that those developing tree trimming devices were actually motivated to use a telescoping pole in tree trimmers, and particularly in a chain saw/pole saw design.

The prior art shows numerous tree trimming tools with telescoping poles and adjustable length cords. The prior art also shows that those of skill in the art were motivated to design chain saw/pole saw combinations, such as in the Causey reference. Evidence also undisputedly shows that those in the art were motivated to combine the teachings in these references. Therefore, the district court correctly concluded that there was no genuine issue of material fact precluding summary judgment of invalidity for obviousness.

The district court also considered Rogers's arguments regarding secondary considerations. For purposes of summary judgment, we must resolve all genuine issues of fact such as copying, failure of others, and commercial success in favor of Rogers. Nevertheless, the evidence of secondary considerations cannot overcome the prima facie showing of obviousness in this case. All of the elements were widely known in the prior art and the only factor arguably preventing successful combination of the

claimed elements in a commercial embodiment was the strength of the poles, something that Rogers's invention does not address. Given the strong showing of obviousness, the district court did not err in its legal conclusion that Rogers's indicators of nonobviousness cannot overcome the strong evidence of obviousness. See Newell Cos. v. Kenny Mfg. Co., 864 F.2d 757, 768 (Fed. Cir. 1988). Accordingly, we hold as a matter of law that claims 1 and 3 are obvious over the prior art and are, therefore, invalid under 35 U.S.C. § 103.

## CONCLUSION

As the district court properly found there was no genuine issue of material fact precluding granting summary judgment of obviousness, we affirm the district court's holding that claims 1 and 3 of the '403 patent are invalid.