**In re Gilbert P. HYATT.**

**Appeal No. 83–551.**

United States Court of Appeals
Federal Circuit.

June 6, 1983.

Gilbert P. Hyatt, pro se.

Robert D. Edmonds, Arlington, Va., argued for United States Patent and Trademark Office. Joseph F. Nakamura, Sol. and Jere W. Sears, Deputy Sol., Washington, D.C., were on the brief for appellee United States Patent and Trademark Office.

Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and KASHIWA, Circuit Judge.

RICH, Circuit Judge.

This appeal is from the decision of the United States Patent and Trademark Office Board of Appeals (board) affirming the examiner's rejection of claim 35, the sole claim in issue, under 35 U.S.C. § 112. We affirm.

Claim 35 reads:

35. A Fourier transform processor for generating Fourier transformed incremental output signals in response to incremental input signals, said Fourier transform processor *comprising* incremental *means for* incrementally generat-

---

6. In view of our holding, we do not reach Makari's arguments based on equitable considerations.

ing the Fourier transformed incremental output signals in response to the incremental input signals. [Emphasis ours.] This claim has, essentially, been before the board twice.[1] The first time it was before the board on a rejection under 35 U.S.C. § 102. The board noted at that time that claim 35 is a so-called "single means claim," that is, a claim drafted in "means-plus-function" format yet reciting only a single element instead of a combination. The board therefore entered a new rejection of claim 35 under 37 CFR 1.196(b), based on the second paragraph of 35 U.S.C. § 112,[2] for failure to particularly point out and distinctly claim the subject matter which appellant regarded as his invention. The board noted that the final paragraph of § 112[3] sanctions the use of the means-plus-function format for combination claims only. From that fact, coupled with appellant's attempted use of that format in claim 35, the board inferred that appellant had intended to claim a combination. Because claim 35 does not recite a combination, however, the board reasoned that it does not recite that which appellant *intended* to claim, and, hence, entered the new rejection. The board then reversed the § 102 rejection, asserting that "the metes and bounds of the claimed invention set forth in claim 35, can only be determined through speculation as to the elements included in the implied combination of elements," so that it could not be said whether the reference relied upon by the examiner in fact anticipated the claimed invention.

Appellant, in the face of the new rejection, elected to proceed with further prosecution and amended claim 35 to its present form. The examiner nevertheless adhered to the § 112 rejection, saying that the amendment failed to alter the fact that claim 35 is a single means claim. When appellant returned to the board on a second appeal, the board reiterated the position it took in the first appeal, saying:

> * * * it is our view that where an applicant uses the permissible claim format specified in the last paragraph of 35 U.S.C. 112, by implication the applicant regards his invention to be a combination of elements. It follows that the recitation of a single "means" or element would be an incomplete recitation of a combination and such a recitation would therefore fail to particularly point out and distinctly claim "the subject matter which the applicant regards as his invention." Accordingly, although claim 35 may well recite "what is intended," as urged by appellant at page 8 of his brief, it does not particularly point out and distinctly claim what is clearly implied by the claim format or what appellant impliedly intended.

The board acknowledged that the language of the final paragraph of § 112 is only permissive, and contains no express *prohibition* against single means claims, as argued by appellant. The board, however, reading the last paragraph of § 112 as a whole, found an implied prohibition against single means claims. It quoted a portion of Federico, *Commentary on the New Patent Act*, printed as a prologue to 35 U.S.C.A. § 1, wherein Mr. Federico, one of the drafters of the 1952 Patent Act, stated at p. 26:

> The language [of the final paragraph of § 112] does not go so far as to permit a so-called single means claim, that is a claim which recites merely one means plus a statement of function and nothing

---

1. The first time, the second occurrence of "Fourier transform" and the last reference to "Fourier" were not present. Otherwise it was the same. As mentioned later, there were subsequent insertions by amendment. The amendments, however, do not affect the issues before us.

2. "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."

3. "An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof."

else. Attempts to evade this by adding purely nominal elements to such a claim will undoubtedly be condemned.

Appellant maintains on appeal that he did not impliedly or otherwise intend to claim a combination, and that claim 35 as drafted accurately points out and claims that which he regards as his invention. He also argues that the second paragraph of § 112 was meant by Congress to sanction *any form* of claiming which particularly points out the invention, which is unquestionably true. He also argues that the board had no basis for finding an implied prohibition of single means claims in the final paragraph of § 112. He maintains that, in any event, claim 35 does not correspond to what Federico labeled a single means claim, i.e., merely one means plus a statement of function and nothing else, saying that claim 35 *recites* several elements, including a Fourier transform processor, transformed output signals, input signals, and a Fourier transform processor responsive to incremental input signals.

■ To set forth at the outset what should be apparent, claim 35 is a single means claim. It is not disputed that it is drafted in means-plus-function format, and it is not disputable that it is drawn to a single element. A mere *recital* of a multitude of elements or steps in a claim is not determinative of the *invention* it defines. A claim must be read in accordance with the precepts of English grammar. In claim 35, the invention defined is what follows the word "comprising." Indeed, appellant has admitted that claim 35 is drawn to only a single element when he asserts that it is not drawn to a combination. Appellant's denomination of every noun in the claim as a separate element ignores the fact that these words function as mere description of the single claimed means.

Having made clear that, in our view, claim 35 denotes only a single means, we agree with the board that it is properly rejected under § 112, but we disagree with the board that the *second* paragraph of § 112 is the proper statutory basis for the rejection. The proper statutory basis for the rejection of a single means claim is the requirement of the first paragraph of § 112[4] that the enabling disclosure of the specification be commensurate in scope with the claim under consideration.

■ The long-recognized problem with a single means claim is that it covers every conceivable means for achieving the stated result, while the specification discloses at most only those means known to the inventor. *See O'Reilly v. Morse*, 56 U.S. (15 How.) 62, 112, 14 L.Ed. 601 (1853).[5] Thus, the claim is properly rejected for what used to be known as "undue breadth," but has since been appreciated as being, more accurately, based on the first paragraph of § 112. As stated in *In re Borkowski*, 422 F.2d 904, 909, 164 USPQ 642, 645–46 (CCPA 1970) (footnotes omitted, emphasis in original):

The first sentence of the second paragraph of § 112 is essentially a requirement for *precision and definiteness* of claim language. If the scope of subject matter embraced by a claim is clear, and if the applicant has not otherwise indicated that he intends the claim to be of a different scope, then the claim does particularly point out and distinctly claim the subject matter which the applicant regards as his invention. That is to say,

---

4. "The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."

The "best mode" requirement of this paragraph is not here involved.

5. The significant summary by the Court (p. 113) reads:

In fine he claims an exclusive right to use [right to exclude others from using] a manner and process which he has not described and indeed had not invented, and therefore could not describe when he obtained his patent. The Court is of opinion [sic] that the claim is too broad, and not warranted by law.

We believe single means claims have been regarded as improper ever since.

if the "enabling" disclosure of a specification is not commensurate in scope with the subject matter encompassed by a claim, that fact does not render the claim imprecise or indefinite or otherwise not in compliance with the *second* paragraph of § 112; rather, the claim is based on an *insufficient disclosure* (§ 112, first paragraph) and should be rejected on that ground. See *In re Fuetterer*, 50 CCPA 1453, 319 F.2d 259, 138 USPQ 217 (1963); *In re Kamal*, 55 CCPA 1409, 398 F.2d 867, 158 USPQ 320 (1968); and *In re Wakefield* (PA 8192), decided concurrently herewith. [422 F.2d 897, 164 USPQ 636 (CCPA 1970).] Thus, just as a claim which is of such breadth that it reads on subject matter disclosed in the prior art is rejected under § 102 rather than under the second paragraph of § 112, a claim which is of such breadth that it reads on subject matter as to which the specification is not "enabling" should be rejected under the first paragraph of § 112 rather than the second. We do not intend hereby to suggest that rejections under § 112 must be labeled "first paragraph" or "second paragraph." What we do suggest is that it should be made clear exactly which of the several requirements to § 112 are thought not to have been met. Is the claim unclear or is the specification's disclosure inadequate to support it?

The final paragraph of § 112 saves *combination* claims drafted using means-plus-function format from this problem by providing a construction of that format narrow enough to avoid the problem of undue breadth as forbidden by the first paragraph. But no provision saves a claim drafted in means-plus-function format which is not drawn to a combination, i.e., a single means claim.

We must now decide how best to dispose of this case. Both this court and the board view claim 35 as properly rejected based upon the same factual premise; i.e., that claim 35 is a single means claim. The propriety of a rejection based broadly on § 112 flows irresistably from that premise despite any argument appellant has made, or could conceivably make were this case to be returned to the board. Thus, it would be wasteful to do so, notwithstanding the differences between our reasoning and the board's. Instead, we treat the rejection in accordance with appellant's characterization of it in his Notice and Reasons of Appeal, wherein he states that "Claim 35 stands rejected under 35 USC 112." The board affirmed that rejection, and we affirm that decision of the board. It is decisions that are appealed, not opinions. *In re Grose*, 592 F.2d 1161, 1165, 201 USPQ 57, 61 (CCPA 1979).

AFFIRMED.