104 F.3d 376
 41 U.S.P.Q.2d 1538
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
OHIO CELLULAR PRODUCTS CORPORATION, and All American Sports
Corporation, Plaintiffs-Appellants,
v.
ADAMS USA, INC., and Apehead Manufacturing, Inc.,
Defendants-Appellees.
 No. 96-1173.
 United States Court of Appeals, Federal Circuit.
 Dec. 23, 1996.
 
 Before MAYER, PLAGER, and LOURIE, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Ohio Cellular Products Corporation and All American Sports Corporation (collectively, "OCP") appeal from the judgment of the United States District Court for the Northern District of Ohio, granting summary judgment to Adams USA, Inc. and Apehead Manufacturing, Inc. (collectively, "Adams") and holding U.S. Patents 4,980,110 and 5,273,702 invalid as anticipated by U.S. Patent 4,524,037. Ohio Cellular Prods. Corp. v. Adams USA, Inc., No. 3:94CV7251 (N.D.Ohio Oct. 11, 1995). Because the district court did not err in finding that no genuine issue existed as to any material fact and that the '110 and '702 patents were anticipated by Patent No. 4,524,037, we affirm.
 
 DISCUSSION
 
 2
 The '110 and '702 patents, originating from the same parent application and assigned to OCP, concern methods for making energy-absorbing plastic articles. Specifically, these patents disclose mold-based methods for making athletic pads from foamed cross-linked polyolefins (FXLPO). According to OCP, these methods avoid two problems associated with prior art methods: rough-edges on the finished pads and "tackiness" of heated FXLPO.
 
 
 3
 In May 1994, OCP sued Adams, asserting that Adams' processes for making FXLPO pads infringed the '110 and '702 patents. Adams responded, inter alia, that the claims of the patents were anticipated by the '037 patent and therefore were invalid under 35 U.S.C. § 102 (1994). It moved for summary judgment. The court granted Adams' motion, holding the patents invalid as anticipated by the '037 patent under the "classic test" of anticipation first articulated in Peters v. Active Mfg. Co., 129 U.S. 530, 537 (1889) ("That which infringes, if later, would anticipate, if earlier."). See 1 D. Chisum, Patents, § 3.02 (1996). This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1) (1994).
 
 
 4
 We review a district court's grant of summary judgment de novo. Conroy v. Reebok Int'l, Ltd., 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Johnston v. IVAC Corp., 885 F.2d 1574, 1576-77, 12 USPQ2d 1382, 1383 (Fed.Cir.1989). Thus, summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, we view the evidence in a light most favorable to the party opposing the motion, with doubts resolved in favor of the nonmovant. Transmatic, Inc. v. Gulton Indus., Inc., 53 F.3d 1270, 1274, 35 USPQ2d 1035, 1038 (Fed.Cir.1995). Because the applicable burdens of proof apply to a motion for summary judgment, a movant challenging validity must prove its case by clear and convincing evidence. Ryko Mfg. Co. v. Nu-Star, Inc., 950 F.2d 714, 716, 21 USPQ2d 1053, 1055 (Fed.Cir.1991).
 
 
 5
 OCP argues that the district court's holding of invalidity was erroneous because the court did not independently analyze the twenty-three claims in each patent before finding the claims anticipated. It also argues that the district court incorrectly interpreted the claims and the teachings of the prior art. Adams responds that the trial court properly found that each claim in the asserted patents was anticipated by the '037 patent.
 
 
 6
 A patent claim is invalid as anticipated under 35 U.S.C. § 102(a) if a single prior art reference discloses each and every limitation of the claim. Kloster Speedsteel AB v. Crucible Inc., 793 F.2d 1565, 1571, 230 USPQ 81, 84 (Fed.Cir.1986). The prior art disclosure need not be express. Rather, a single prior art reference may anticipate a claim where one of ordinary skill in the art would have understood each and every claim limitation to have been disclosed or inherent in the reference. Continental Can Co. USA Inc. v. Monsanto Co., 948 F.2d 1264, 1268, 20 USPQ2d 1746, 1749 (Fed.Cir.1991).
 
 
 7
 We agree with Adams that the patents are invalid. The '110 patent contains twenty-three claims directed to methods for making FXLPO pads. Each of the claimed methods comprises the steps of (1) cutting sheets of FXLPO into "preforms," (2) positioning, at room temperature, the preforms into a "mold" having smooth inner edges, and (3) heating the closed mold and the enclosed preforms for a sufficient time to allow the rough-edges of the preforms to form smooth edges against the mold's inner surface. Eight of the claimed methods also include an additional, explicit step of closing the mold before heating. The '702 patent contains twenty-three claims that are identical to those of the '110 patent, except that the positioning steps in the '702 patent are performed at temperatures "below which the preform becomes tacky" instead of at "room temperature."
 
 
 8
 The prior art '037 patent discloses a mold-based method for making foamed plastic articles. Specifically, it discloses a method comprising the steps of (1) placing a pre-cut "preform" of foamed plastic into a silicone rubber mold, (2) compressing the preform within the mold, (3) applying a radio-frequency (RF) heating field across the mold and the enclosed preform, and (4) allowing the preform to conform to the inner surface of the mold. OCP argues that because the '037 patent discloses only molds made of silicone rubber, which does not conduct heat well, and requires that the preform be compressed, it does not anticipate the claims in the '110 and '702 patents. We do not agree.
 
 
 9
 Each step of the claims in the '110 and '702 patents is found in the '037 patent: foamed plastic preforms are cut and placed in molds, the molds are closed, and heat is applied to the molds. Because the claims of the '110 and '702 patents are generic to any method of heating and to any mold material, the RF heating method and the silicone rubber molds of the '037 patent satisfy the claim limitations in question. Furthermore, contrary to OCP's assertion, the '037 patent expressly discloses that the RF heating field be applied to the mold at column 3, lines 11-15 and at Figure 3, as required by the instant claims. Moreover, the fact that the '037 patent teaches compression of the preform is not inconsistent with the district court's finding of anticipation. All of the claims in the '110 and '072 patents require that the molds be closed during "thermoforming"; they therefore inherently permit compression of the preform during the heating step. The modified temperature limitation of the '702 patent claims does not avoid the '037 patent disclosure. Accordingly, the district court did not err in finding that every claim of the '110 and '702 patents was anticipated by the '037 patent and that Adams was entitled to summary judgment as a matter of law.
 
 
 10
 OCP also argues that unresolved factual disputes concerning claim interpretation and the breadth of the '037 patent's disclosure preclude summary judgment. This argument is also without merit. Claim interpretation is solely a question of law and it therefore may be properly resolved on a motion for summary judgment. See Markman v. Westview Instruments, Inc., 52 F.3d 967, 979, 983-84, 34 USPQ2d 1321, 1329, 1333 (Fed.Cir.1995) (in banc), aff'd, 116 S.Ct. 1384, 38 USPQ2d 1461 (1996)). Whether the '037 patent discloses and hence anticipates the claims of the OCP patents is indeed a question of fact. See Tyler Refrigeration v. Kysor Indus. Corp., 777 F.2d 687, 689, 227 USPQ 845, 846-47 (Fed.Cir.1985). However, in light of the '037 patent's clear and explicit disclosure and viewing the evidence in a light most favorable to OCP, we conclude that no genuine issue of material fact exists to preclude the grant of Adams' motion for summary judgment. No reasonable jury could return a verdict in OCP's favor.
 
 
 11
 Finally, OCP argues that we should reverse the judgment of the district court because it misstated and misapplied the law of anticipation. Specifically, OCP argues that the court improperly disregarded the claim language and erred by not resting its decision upon an explicit finding that "the claimed invention, as described in appropriately construed claims, [was] the same as that of the reference." Glaverbel Societe Anonyme v. Northlake Marketing & Supply, Inc., 45 F.3d 1550, 1554, 33 USPQ2d 1496, 1498 (Fed.Cir.1995).
 
 
 12
 We do not agree with OCP. We find no error in the court's decision. Moreover, as we have often stated, "[w]e review judgments, not opinions." Baxter Healthcare Corp. v. Spectramed, Inc., 49 F.3d 1575, 1582, 34 USPQ2d 1120, 1125 (Fed.Cir.), cert. denied, 116 S.Ct. 272 (1995); cf. In re Hyatt, 708 F.2d 712, 715, 218 USPQ 195, 198 (Fed.Cir.1983). Where, as here, an appellant does not demonstrate reversible error, but merely argues that the district court's manner of expression was inapt, we will affirm.
 
 
 13
 Accordingly, we conclude that the district court did not err in granting Adams' motion for summary judgment holding that the '110 and '702 patents are invalid as anticipated by the '037 patent.
 
 
 14
 MAYER, Circuit Judge, concurring.
 
 
 15
 I agree with the court that the '110 and '702 patents were anticipated. I write only to object to the misstatement that claim interpretation is "solely a question of law." See Markman v. Westview Instruments, Inc., 116 S.Ct. 1384, 1390, 38 USPQ2d 1461, 1465 (1996) (classifying claim construction as "a mongrel practice" consisting of factual and legal components); Metaullics Sys. Co., L.P. v. Cooper, --- F.3d ----, ----, 40 USPQ2d 1798, ---- (Fed.Cir.1996). In this case, there is no dispute over any material fact.