NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1076
(Serial No. 10/459,962)

IN RE DANNY EDWIN SPEAS

Danny Edwin Speas, of Haiku, Hawaii, pro se.

Stephen Walsh, Acting Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office.  With him on the brief were Thomas W. Krause and Thomas L. Stoll, Associate Solicitors.

Appealed from:     United States Patent and Trademark Office Board of Patent
                   Appeals and Interferences

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1076
(Serial No. 10/459,962)

IN RE DANNY EDWIN SPEAS

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

_____

DECIDED:   April 9, 2008
_____

Before MAYER, BRYSON and GAJARSA, Circuit Judges.

PER CURIAM.

Danny E. Speas appeals the decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences, which affirmed rejections of his patent application under 35 U.S.C. §§ 101 and 112.  In re Speas, No. 2007-0044 (Bd. Pat. App. & Interferences, July 30, 2007).  We affirm.

The second law of thermodynamics states that in a system without an outside supply of energy, a process can only occur if it increases the level of entropy in the system.  For example, a scale with equal weights on each side may balance without outside intervention, but outside intervention is required to move a balanced scale such that one side is above the other.  Speas claims as his invention "any and all devices and

systems which operate in such a manner as to violate the second law of thermodynamics as it is currently understood and accepted as inviolable by a majority of the worldwide scientific community," and "any and all devices and systems which are adapted for converting thermal energy into other energy forms by contacting a heat source without the necessity of also contacting a thermal medium of lower temperature." According to the specification, the invention raises a ferrofluid out of a reservoir by a magnetic column into a mass. The ferrofluid then escapes a "gradually decreasing magnetic field which holds it up against gravitational force" and is drawn away via tubular element by a capillary force aided by Brownian motion. At the end of the tubular element, drops of this ferrofluid accumulate and drop back into the reservoir below, spinning a wheel along their downward paths. Thus, the movement of the ferrofluid imparts mechanical energy upon the wheel. Speas claims that because this ferrofluid is moved and adds energy to the paddle wheel "without input into the system other than ambient thermal energy," it is proof that the second law of thermodynamics is not inviolate – an object of the invention.

With such broad claim language, the examiner rejected these two claims and their four dependent claims because they were not supported by an asserted or well established utility, and because the specification did not enable any person having ordinary skill in the art to utilize the invention commensurate in scope with the claims. Speas appealed the latter claim to the board, which affirmed the rejection.

This court will uphold the factual findings of the board where they are supported by substantial evidence. In re Gartside, 203 F.3d 1305, 1316 (Fed. Cir. 2000). Substantial evidence "is something less than the weight of the evidence but more than a

mere scintilla of evidence." <u>In re Kotzab</u>, 217 F.3d 1365, 1369 (Fed. Cir. 2000). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938).

The board's decision was supported by substantial evidence. As it found, the specification does not enable a person having ordinary skill in the art to make "any and all devices and systems which are adapted for converting thermal energy into other energy forms by contacting a heat source without the necessity of also contacting a thermal medium of lower temperature." This particularly broad claim is nearly limitless. However, to be enabled the claim must be described by a commensurately broad description encompassing how to utilize the invention to create any and all such devices and systems. <u>See</u> <u>In re Hyatt</u>, 708 F.2d 712, 714 (Fed. Cir. 1983) (citing <u>O'Reilly v. Morse</u>, 56 U.S. 62, 112 (1853)). Speas does not include such a description.