RIVERWOOD INTERNATIONAL CORPORATION, Plaintiff–Appellee,

v.

THE MEAD CORPORATION, Defendant–Appellant.

No. 99–1274.

United States Court of Appeals, Federal Circuit.

May 17, 2000

Rehearing and Rehearing En Banc Denied June 22, 2000.

Wellington M. Manning, Jr., Dority & Manning, P.A., of Greenville, South Carolina, argued for plaintiff-appellee. With him on the brief were Neil C. Jones and Craig N. Killen.

J. Peter Coll, Jr., Orrick, Herrington & Sutcliffe, LLP, of New York, New York, argued for defendant-appellant. With him on the brief were James J. Murtha and Kristen Bancroft. Of counsel on the brief were Robert T. Edell and Robert J. Glance, Merchant & Gould, of Minneapolis, Minnesota.

Before MAYER, Chief Judge, SCHALL and GAJARSA, Circuit Judges.

MAYER, Chief Judge.

The Mead Corporation ("Mead") appeals from the judgment of the United States District Court for the Northern District of Georgia, holding that Mead infringed claims 1 and 13 of U.S. Patent No. 5,241,-806 ("the '806 patent") owned by Riverwood International Corporation ("Riverwood") and that these claims were not invalid for obviousness. *See Riverwood Int'l Corp. v. Mead Corp.*, No. 1:94–CV–0090–CAM (N.D.Ga. Jan. 13, 1999) ("Order"). Because the district court erroneously concluded as a matter of law that the

claims were not invalid for obviousness, we reverse.

## Background

This appeal arises out of a patent infringement dispute over cartoners. Cartoners are machines designed to automatically group articles, such as beverage cans or bottles, and load them into paperboard cartons. Cartoners are usually used in industrial applications such as beverage bottling facilities. Riverwood owns the rights to the '806 patent, embodied in practice by its TwinStack model. Claim 1 and dependent claim 13 of the '806 patent are the only claims at issue. These two claims cover a cartoner with three incoming streams of articles and a barrel cam loader. This type of cartoner is known in the art as a three-conveyer cartoner. The loader, which is usually a barrel cam or an angulated guide in the prior art, forces the articles into the cartons. A barrel cam pushes the articles in a manner similar to a horizontal escalator, whereas an angulated guide works passively, merely providing a static wall or rail to divert the path of the otherwise propelled articles.

After Mead developed and marketed its DuoStack model, a three-conveyer cartoner with a barrel cam loader, Riverwood brought suit for infringement of the '806 patent. The district court appointed a special master pursuant to Federal Rule of Civil Procedure 53 to hear evidence and arguments from the parties. The special master made findings of fact and concluded *inter alia* that claims 1 and 13 of the '806 patent were invalid for obviousness. *See Riverwood Int'l Corp. v. Mead Corp.*, No. 1:94–CV–0090–CAM (N.D.Ga. Mar. 11, 1998) ("Report"). The district court accepted the findings of fact in whole and without modification, but contrary to the special master, concluded that the claims would not have been obvious to one of ordinary skill in the art. *See* Order at 3. Mead appeals this aspect of the district court's judgment.

## Discussion

On appeal from a non-jury trial, the ultimate determination of whether the claims at issue would have been obvious under 35 U.S.C. § 103 is a legal conclusion that we review *de novo*. *See Robotic Vision Sys., Inc. v. View Eng'g, Inc.* 189 F.3d 1370, 1376, 51 USPQ2d 1948, 1953 (Fed. Cir.1999). An obviousness determination is based on underlying factual inquiries including: (1) the scope and content of the prior art; (2) the differences between the prior art and the claims; (3) the level of ordinary skill in the art; and (4) objective evidence of nonobviousness. *See Graham v. John Deere Co.*, 383 U.S. 1, 13–14, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ 459, 465 (1966); *Robotic Vision*, 189 F.3d at 1376, 51 USPQ2d at 1953. In addition, when obviousness is based on particular prior art references, there must be a showing of a suggestion or motivation to combine the teachings of those references, though it need not be expressly stated. *See B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.*, 72 F.3d 1577, 1582–83, 37 USPQ2d 1314, 1318 (Fed.Cir.1996); *In re Fine*, 837 F.2d 1071, 1074, 5 USPQ2d 1596, 1598–99 (Fed.Cir.1988). In this case, the district court has accepted all of the special master's findings of fact, and the appellant does not challenge any of them. Our task is to examine the findings related to the factors articulated in *Graham* and determine whether the district court erred by deciding that the claims were not obvious as a matter of law.

(1) *Scope and Content of the Prior Art and* (2) *Difference Between the Prior Art and the Claims*

Claim 1 of the '806 patent contains four limitations: an infeed conveyer, an article selecting conveyor, a carton conveyor, and an article group transfer means. Claim 13 incorporates all the subject matter of claim 1 and adds a "cam track/cam follower assembly" to the fourth element. According to the special master, Riverwood stipulated that a patent in the prior

art, U.S. Patent No. 3,778,959 to Langen ("the Langen patent"), discloses the first three limitations of claim 1. *See* Report at 10. The special master found that the fourth limitation of claim 1 defines what is commonly known in the art as a "barrel cam loader" and that barrel cam loaders in cartoners were known in the prior art. *See id.* The special master also found that a "cam track/cam follower assembly" is a common structure used in barrel cam loaders, and concluded that "claim 13 [would have been] obvious for the same reasons as claim 1." *Id.* at 27. In addition, the special master found that Langen "first disclosed in that patent angulated fixed guide rails stating that angulated fixed guides are an improvement over 'escalators' (barrel cam loaders), not that escalators are not an obvious alternative...." *Id.* at 11. Upon examining the remainder of the prior art, the special master found that the prior art recognized the obviousness of substituting one type of loader for another in a cartoner. *See id.* at 11.

### (3) *Level of Skill in the Art*

The special master found that one of ordinary skill in the art "would be knowledgeable of problems and solutions to the design of cartoners" and that " ... the numerous prior patents in evidence show that there were numerous solutions developed to solve the problems and the solutions occurred relatively frequently in a relatively sophisticated and developed technology." *Id.* at 10; *see Pro-Mold and Tool Co. v. Great Lakes Plastics, Inc.,* 75 F.3d 1568, 1573, 37 USPQ2d 1626, 1630 (Fed.Cir.1996). Thus, these findings support the conclusion that it would have been obvious to someone of ordinary skill in the art at the time of the invention to replace the angulated fixed guide rail loader in the Langen patent with a barrel cam loader and that a suggestion or motivation to make that substitution existed in the prior art.

### (4) *Objective Factors*

According to the special master, Riverwood presented some evidence of commercial success. He found, however, that much of that success was attributable to factors outside the scope of claims 1 and 13 of the '806 patent. *See id.* at 15; *In re GPAC,* 57 F.3d 1573, 1580, 35 USPQ2d 1116, 1121 (Fed.Cir.1995) ("For objective evidence to be accorded substantial weight, its proponent must establish a nexus between the evidence and the merits of the claimed invention."). Finally, the special master found that there is no evidence that the Mead DuoStack was a copy of the TwinStack cartoner, that there was no long-felt need for an improvement in cartoners that was solved by the subject matter of the claims of the '806 patent, and that there was no significant evidence of the failure of others. *See* Report at 16. Based on these findings, he determined that the objective factors did not carry sufficient weight to override a conclusion of obviousness based on the primary considerations.

In view of all these findings, we are led to the ineluctable conclusion that claims 1 and 13 of the '806 patent are invalid. The district court's conclusion of nonobviousness is not supportable by the facts found.

### *Conclusion*

Accordingly, the judgment of the United States District Court for the Northern District of Georgia is reversed.

*REVERSED*