**TAPCO INTERNATIONAL CORPORATION, Plaintiff–Appellee,**

v.

**VAN MARK PRODUCTS CORPORATION, Defendant–Appellant.**

No. 00–1025.

United States Court of Appeals, Federal Circuit.

Aug. 10, 2001.

Before SCHALL and BRYSON, Circuit Judges, ARCHER, Senior Circuit Judge.

ARCHER, Senior Circuit Judge.

Van Mark Products Corporation (Van Mark) appeals from the summary judgment of the United States District Court for the Eastern District of Michigan holding that Van Mark infringed claim 3 of Tapco International Corporation's (Tapco) U.S. Patent No. 5,582,055 ("the '055 patent") and claim 61 of its U.S. Patent No. 5,582,053 ("the '053 patent") and permanently enjoining Van Mark from infringing Tapco's patents.[1] We conclude that, under a proper construction of claim 3 of the '055 patent, Van Mark's brake does not infringe. We further conclude that claim 61 of the '053 patent is invalid. Therefore, we *reverse*.

## BACKGROUND

Tapco filed suit against Van Mark claiming that its Mark IV industrial portable bending brake infringed Tapco's '053 and '055 patents. The patents are directed to portable bending brakes, which are manually operated devices that clamp

---

1. *See Tapco Int'l Corp. v. Van Mark Products Corp.*, Case No. 98–71520–DT (E.D.Mich. August 19, 1999) (Memorandum Opinion and Order disposing of summary judgment motions.) (*Tapco* I); *Tapco Int'l Corp. v. Van Mark Products Corp.*, Case No. 98–71520–DT (E.D.Mich. August 19, 1999) (Judgment permanently enjoining Van Mark from infringing the '053 and '055 patents.) (*Tapco* II).

sheet metal and allow the metal to be precisely bent into desired shapes, such as building exterior trim elements. The '053 patent relates to a portable bending brake that includes an attached track for guiding a roller cutter. The cutting mechanism provides an easy and accurate way to cut long pieces of sheet metal while they are mounted in the brake. The '055 patent is directed to a portable bending brake that has a leg stand to stabilize the brake and to prevent it from tipping over when bending heavy gauges of sheet metal.

In its motion for summary judgment, Tapco asserted that Van Mark's brake infringed claim 3 of its '055 patent and claim 61 of its '053 patent. Claim 3 of the '055 patent reads in pertinent part:

> 3. A portable sheet bending brake comprising
>
> \*      \*      \*      \*      \*      \*
>
> longitudinally spaced legs extending downwardly from said sheet bending brake elevating said brake above the floor,
>
> said legs having portions projecting outwardly from beneath the sheet bending brake toward the side of the brake opposite to the side from which said handle member and handle means are accessible,
>
> said sheet bending brake being constructed and arranged such that when a workpiece of increased thickness is clamped for bending and when a person stands on the floor facing the handle means and the handle means is grasped and raised in a direction away from the person in order to move the handle means, forces occur which prevent the handle means from moving sufficiently to produce a predetermined bend and the forces cause the entire sheet bending brake to tip away from the person about the portions of the legs which project outwardly from said bending

brake and prevent the movement of the bending member relative to the first member and prevent bending of the workpiece . . .

Claim 61 of the '053 patent reads, in pertinent part, as follows:

> 61. A portable sheet bending brake comprising
>
> a base
>
> a plurality of C-shaped members positioned on said base at longitudinally spaced points
>
> \*      \*      \*      \*      \*      \*
>
> means providing a track extending longitudinally on said portable sheet bending brake, and
>
> a cutter mounted on said track and moving longitudinally of [sic] said track,
>
> said cutter comprising means for engaging said track to guide longitudinal motion of said cutter, and opposed cutting rolls adjacent to the clamping surface when the cutter is on the track so as to cut a workpiece clamped against said clamping surface as the cutter is moved along said track.

The district court found both of these asserted claims to be infringed by Van Mark's brake. The court, accepting Tapco's claim construction, construed claim 3 of the '055 patent as not requiring any portion of the legs to extend beyond the back edge of the brake. Because this was the only claim limitation in dispute, the court concluded that Van Mark's brake infringed. Turning to the '053 patent, the court first rejected Van Mark's motion for summary judgment of invalidity. The court then found claim 61 was infringed by Van Mark's brake. The court entered judgment in Tapco's favor and permanently enjoined Van Mark from any further infringement of Tapco's patents.

Van Mark contends that the court improperly construed claim 3 of the '055 patent, and that under a proper construction, its brake does not infringe. Van Mark further argues that the '053 patent is invalid for obviousness under 35 USC § 103(a) in view of the cited prior art.

## DISCUSSION

We review the court's grant of summary judgment de novo. *See Conroy v. Reebok Int'l, Ltd.*, 14 F.3d 1570, 1575, 29 USPQ2d 1373, 1377 (Fed.Cir.1994). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). To this end, the court must draw all reasonable factual inferences in favor of the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### I. *The '055 Patent*

The relevant aspects of the accused device's structure are undisputed in this case. Thus, the question of whether Van Mark's portable bending brake infringes claim 3 of Tapco's '055 patent turns on the interpretation of that claim. *See Johnson v. Worldwide Assoc., Inc. v. Zebco Corp.*, 175 F.3d 985, 988–89, 50 USPQ2d 1607, 1609 (Fed.Cir.1999).

■ Claim construction is a question of law, which we review de novo. *See Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448, 1456, 46 USPQ2d 1169, 1174 (Fed.Cir. 1998) (en banc). Van Mark argues that the language "said legs having portions projecting outwardly from beneath the sheet bending brake" and "legs which project outwardly from said bending brake" should be construed to mean that portions of the legs must extend beyond the back edge of the bending brake.

Tapco contends, however, that the claim language does not require that the legs extend beyond the back of the brake, but instead only requires that they project toward the back. Tapco contends that the horizontal cross bar between the vertical legs of the accused product meets the claim limitation of "projecting outwardly from beneath the brake." Tapco notes that the claim limitation describing the rails of the stabilizing assembly expressly states that they extend outwardly from beneath the brake "beyond the brake."

■ In interpreting an asserted claim, the court first looks to the intrinsic evidence of record, i.e., the language of the claims themselves, the written description, and the prosecution history. Such intrinsic evidence is the most significant source in determining the meaning of disputed claim language. *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582, 39 USPQ2d 1573, 1576 (Fed.Cir.1996).

Turning to the language of claim 3, we first look to the ordinary meaning of the disputed claim terms. *See Cortland Line Co., Inc. v. The Orvis Co., Inc.*, 203 F.3d 1351, 1356, 53 USPQ2d 1734, 1737 (Fed. Cir.2000) (Holding that claim terms receive their ordinary and customary meaning unless the patentee assigns a special meaning.). "Project" is defined as "caus[ing] to protrude." Webster's New Collegiate Dictionary 913 (1979). "Outwardly" is defined as either "on the outside, externally" or "toward the outside." *Id.* at 809. "From" is "used as a function word to indicate a starting point." *Id.* at 457. Under these definitions, the leg portions "projecting outwardly from beneath the brake" start beneath the brake and must protrude toward the outside of the back edge of the brake. It is not clear from this language alone, however, whether they must project beyond the edge of the brake. We therefore must rely on the

other intrinsic evidence to resolve this ambiguity. This evidence conclusively establishes that the legs must extend beyond the back edge of the brake.

The full language of claim 3 indicates that the bending brake is constructed and arranged so as to prevent the bending brake from "tip[ping] away from the person about the portions of the legs which project outwardly from said bending brake ....'" '055 patent, col. 7, II. 55–58. This suggests that the legs must extend beyond the brake, in order to provide effective stabilization.

The written description also supports this construction. The description of the patented brake is limited to the discussion of a single embodiment depicted in figures 1–4. The described patented brake has legs attached to the longitudinally spaced base rail at the rear end or back edge of the brake: "legs, which may be fixed or folded and attached to the members 13 and 15." '055 patent at col. 4, II. 20–21. Figures 1 and 2 are instructive to illustrate the location of base rail 15 to which the rear legs 55 are attached.

The written description also states that the legs include the curved piece designated 61, 62 (feet 61, 62 of the legs 55,055 patent col. 4, II. 24–25). Therefore, with the vertical portion of the rear legs positioned on the back edge of the brake, it is evident that the feet portions of the legs, "projecting outwardly from beneath the brake" (the feet 60, 61), extend beyond the back end of the brake.

█ Finally, the prosecution history further confirms that the claimed brake must have legs that extend beyond the back edge of the brake. In responding to a rejection based on a combination of patents including Jensen, U.S. Pat. No. 2,181, 566, Tapco distinguished the brake described in Jensen as follows:

[Jensen] does not disclose nor suggest that there is a longitudinally extending rail attached to the portion of *the legs that extend outwardly from beneath the sheet bending brake beyond the brake.* (emphasis added). Having asserted this claim construction in order to obtain allowance of its claims, Tapco may not now argue a broader claim scope. *See Hockerson–Halberstadt, Inc. v. Avia Group Int'l, Inc.,* 222 F.3d 951, 956–57, 55 USPQ2d 1487, 1491–92 (Fed.Cir.2000). Therefore, claim 3 is limited to a brake where the legs extend beyond the back end of the brake.

█ There is no dispute as to the configuration of the legs on Van Mark's Mark IV brake. They are solely neutral legs, extending from the front and back edges.

They do not project outwardly beyond the back side of the brake as do the legs in claim 3 of Tapco's '055 patent. Thus, under a proper claim construction, it is necessary to reverse the district court's grant of summary judgment of literal infringement of claim 3 of the '055 patent.

## II. *The '053 Patent*

■ Van Mark argues that claim 61 of the '053 patent is obvious in view of the prior art patents, Michel Goubaud, French Pat. No. 2,504,429 ("Goubaud") and Peter Knoll, German Pat. No. DE 4,235,629 A1 ("Knoll") as well as a price sheet describing a commercial embodiment of the Knoll invention. Van Mark contends that the district court ignored the translations of the Goubaud and Knoll references, which indicate that the prior art bending brakes are portable. Thus, the court erred in finding that there was no roller cutter attached to a portable bending brake in the prior art.

Tapco argues that the foreign patents disclose industrial sheet bending brakes of a different construction than its brake. Tapco defines portable sheet bending brakes, as distinguished from industrial sheet bending brakes, as being comprised of c-shaped members and transportable to and from the job site. Tapco contends that, because the Goubaud and Knoll patents do not indicate the use of c-shaped members, the "characterizing feature of . . . portable brakes," they are not portable. Tapco also argues that two prior art references, the Dimos and Nesta brochures, as well as the Knoll price sheet, show the same devices as the Goubaud and Knoll patents and were disclosed to and considered by the patent examiner prior to issuance of the '053 patent.

■■ A claimed invention is unpatentable if the differences between it and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103 (1998); *Graham v. John Deere Co.*, 383 U.S. 1, 13, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ 459, 465 (1966). When obviousness is based on particular prior art references, there must be a showing of a suggestion or motivation to combine the teachings of those references, though it need not be expressly stated. *See Riverwood Int'l Corp. v. The Mead Corp.*, 212 F.3d 1365, 1366 (Fed. Cir.2000). The ultimate determination of whether an invention is or is not obvious is a legal conclusion based on underlying factual inquiries including: (1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; (3) the differences between the claimed invention and the prior art; and (4) objective evidence of nonobviousness. *Graham*, 383 U.S. at 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ at 467; *In re Dembiczak*, 175 F.3d 994, 998, 50 USPQ2d 1614, 1616 (Fed.Cir.1999). On motion for summary judgment, it is the movant's burden to show invalidity of an issued patent by clear and convincing evidence. *Ryco Mfg. Co. v. Nu–Star, Inc.*, 950 F.2d 714, 716, 21 USPQ2d 1053, 1055 (Fed.Cir.1991).

The district court properly evaluated the relevant factors in considering the prior art, but concluded that the prior art involves industrial bending brakes, and does not recite the characterizing feature of the '053 patent, which is the combination of a portable sheet bending brake with c-shaped members and a track-mounted cutting tool.

The translations of the Goubaud and Knoll patents were before the district court and indicate, however, that the bending brakes described therein were to be used on-site, and each includes a description of a cutting head that could be at-

tached to the brake. Goubaud specifically depicts a "table bending machine" for on-site use supported by legs. Further, the commercial embodiment of Goubaud, the Dimos sheet bending brake, was demonstrated before the court and was clearly portable. In contrast, the Dimos and Nesta brochures cited to the patent examiner by Tapco do not show whether or not the described brakes are portable, and no translations of the brochures were before the examiner.

Finally, portable bending brakes of different structures, not just c-shaped members, were known in the art. The '053 patent states that

> [t]he invention may be also applied to other types of portable sheet bending brakes such as shown in U.S. Patent No. 4,566,304 [the '304 patent], incorporated herein by reference. Such portable sheet bending brakes include longitudinally spaced c-shaped members....

col. 5, ll. 63–67. The '304 patent specification references both c-shaped and u-shaped members. *See* '304 patent, col. 1, ll. 8–13, 55–59. Therefore, the presence or absence of c-shaped members does not indicate portability.

The Goubaud and Knoll patents clearly contain the suggestion to attach a cutting mechanism to a portable bending brake. Van Mark has, therefore, met its burden of showing by clear and convincing evidence that claim 61 of the '053 patent was invalid.[2]

## CONCLUSION

Based on the foregoing, the district court's summary judgments of infringement and invalidity are reversed.

2. Van Mark filed a declaratory judgment counterclaim of invalidity and moved for summary judgment of invalidity of those claims. The district court limited its findings to claim 61. Van Mark appeals the denial of summary judgment of invalidity of claims 62–64 and 71. Because the Goubaud and Knoll patents disclose or suggest all of the limitations of claims 62–64 and claim 71, they too must fail.

COSTS

Parties shall bear their own costs.